YANN GERON, Chapter 7 Trustee
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

*Presentment Date: February 4, 2025*
*At: 12:00 noon*

*Objection Date: February 3, 2025*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MERCURY CAPITAL ADVISORS, LLC, | : | Case No. 24-12328-dsj |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

## APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GERON LEGAL ADVISORS LLC AS GENERAL COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF DECEMBER 17, 2024

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the Chapter 7 trustee of the estate of Mercury Capital Advisors, LLC (the "Debtor"), the above-captioned debtor, as and for his application (the "Application"), for an order, pursuant to 11 U.S.C. § 327(a), authorizing the Trustee's retention and employment of Geron Legal Advisors LLC ("GLA") as his general counsel herein, effective as of December 17, 2024, respectfully sets forth and represents:

### Jurisdiction

1. This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Introduction

2. On December 14, 2024[1] (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") [DE 1]. The Trustee was subsequently appointed interim Chapter 7 trustee of the Debtor's estate and is currently serving in that capacity.

3. The Debtor is a Delaware limited liability company which, prior to the Petition Date, conducted business in New York State from its principal place of business located at 280 Park Avenue, 36th Floor, New York, New York 10017. The Debtor is a subsidiary of related debtor, Mercury Capital Advisors Group, LP, which, upon information and belief, prior to the Petition Date, (i) advised upon and raised private equity, credit, infrastructure and real estate funds from institutional investors globally, (ii) had extensive expertise in raising capital for select companies, assets and portfolios of interests, and (iii) had a secondary advisory practice which provided comprehensive solutions to managers and owners of alternative asset portfolios seeking to leverage the secondary market to achieve their objectives.

## Relief Requested

4. By this application, the Trustee seeks authority to retain GLA as his general counsel herein, effective as of December 17, 2024, pursuant to Section 327(a) of the Bankruptcy Code, to, among other things, perform the following tasks:

    (a) to liquidate property of the Debtor's estate, if appropriate;

---

[1] On the same date, the following related debtors also filed Chapter 7 bankruptcy cases: Mercury Capital Advisors Group GP, LLC (Case No. 24-12326-dsj), and Mercury Capital Advisors Group, LP (Case No. 24-12327-dsj). Mr. Geron was also appointed interim Chapter 7 trustee of these related bankruptcy estates.

(b) to generally assist, advise, and represent the Trustee in his administration of the Debtor's estate;

(c) to assist and advise the Trustee in his examination and analysis of the conduct of the Debtor's affairs;

(d) to review and analyze all potential estate claims, including, but not limited to, all potential avoidance claims;

(e) to take all necessary actions to protect and preserve the interests of the Trustee, including, without limitation, the commencement and prosecution of actions deemed necessary by the Trustee, negotiations concerning all litigation in which the Trustee or Debtor's estate is involved, and review and analysis of all claims filed against the Debtor's estate;

(f) to generally prepare on behalf of the Trustee all necessary motions, applications, answers, orders, reports and papers in support of positions taken by him;

(g) to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters may be heard and to protect the interests of the Trustee and the Debtor's estate before said Courts; and

(h) to perform such other tasks as requested by the Trustee in performance of his duties with respect to the Debtor's estate.

11. As set forth in the annexed declaration of Yann Geron (the "Geron Declaration"), a copy of which is annexed as Exhibit A, GLA has not performed any services for or on behalf of the Debtor, and thus, GLA is not a creditor of the Debtor's estate.

12. GLA intends to work closely with the Trustee and his other professionals to ensure that there is no duplication of services performed or charged to the Debtor's estate.

13. GLA has indicated a willingness to act on behalf of the Trustee and to render the necessary professional services as attorneys to the Trustee.

14. Subject to this Court's approval, GLA will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its

actual, reasonable, and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the Geron Declaration.

15. GLA intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the United States Trustee. Compensation will be payable to GLA in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by GLA.

16. To the best of the Trustee's knowledge, other than as disclosed in the Geron Declaration, GLA and its respective attorneys have no connection with and no interests adverse to the Trustee, the Debtor or its estate, the creditors, the United States Trustee and his employees, or any other party in interest herein or their respective attorneys or accountants in matters relating to the Debtor or its estate.

17. To the best of the Trustee's knowledge and except as otherwise disclosed in the Geron Declaration, (i) GLA does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) GLA is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; (iii) neither GLA nor its professionals have any connection with the Debtor, its estate, or creditors; and (iv) GLA's employment is necessary and in the best interests of the Debtor's estate.

18. The Trustee believes that the retention of GLA is in his best interests, as well as that of the Debtor's estate and its creditors.

19. No application has been made for the relief requested herein to this or any other court.

4

**WHEREFORE**, the Trustee respectfully requests that an order be entered, substantially in the form annexed as Exhibit B, authorizing him to employ and appoint GLA to represent him as his general counsel in all matters herein, effective as of December 17, 2024, and that he be granted such other and further relief as is just.

Dated: New York, New York
January 13, 2025

*s/ Yann Geron*

Yann Geron, Chapter 7 Trustee of the Estate
Mercury Capital Advisors, LLC

GERON LEGAL ADVISORS LLC
*Proposed Attorneys for Yann Geron,*
*Chapter 7 Trustee*

By: *s/ Yann Geron*

Yann Geron
Jeannette Litos
Nicole N. Santucci
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
jlitos@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com