UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MERCURY CAPITAL ADVISORS, LLC, | : | Case No. 24-12328-dsj |
| | : | |
| Debtor. | : | |

------------------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT OF YANN GERON, ON BEHALF OF GERON LEGAL ADVISORS LLC, PURSUANT TO SECTIONS 327(a), 329 AND 504 OF THE BANKRUPTCY CODE AND RULE 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

YANN GERON makes this declaration pursuant to 28 U.S.C. § 1746 and Bankruptcy Rule 2014, and states:

1. I am fully familiar with the facts stated herein and make this declaration in support of an order authorizing Yann Geron (the "Trustee"), the Chapter 7 trustee of the estate of Mercury Capital Advisors, LLC (the "Debtor"), the above-captioned debtor, to retain the law firm of Geron Legal Advisors LLC ("GLA") as his general counsel herein, effective as of December 17, 2024.

2. I am the managing member of GLA, a New York limited liability company, operating as a law firm located at 370 Lexington Avenue, Suite 1208, New York, New York 10017.

3. The Trustee has submitted an application simultaneously herewith stating his desire to retain GLA as his general counsel herein.

4. I have read and am fully familiar with Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules. I am the member at GLA who will be primarily responsible for GLA's representation of the Trustee in this case, and I am fully competent to handle whatever might be expected of the Trustee's general counsel in this matter.

5.    GLA has not performed any work on behalf of the Debtor; consequently, GLA is not a creditor of the Debtor or its estate.

6.    GLA has not received a retainer, advance or any other property of the Debtor in connection with its representation of the Trustee.

7.    In preparing this Declaration, I used a set of procedures developed by GLA to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of this Court regarding the retention of professionals by a trustee. Specially, GLA maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have reviewed such records to determine GLA's connections with the Debtor, its creditors, any other party in interest, and their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that GLA has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

8.    The specific parties searched by GLA in its conflict search in connection with its contemplated retention are listed on the attached Exhibit 1.

9.    Insofar as I have been able to ascertain, GLA is a disinterested party within the meaning of Section 101(14) of the Bankruptcy Code, has no interest adverse to, and no connections to, the Debtor, the Debtor's estate, its creditors or any other party in interest herein or their respective attorneys and accountants with respect to matters for which GLA is to be engaged.[2]

---

[2] GLA will make every effort to disclose all future connections to any related parties as they become known to GLA. GLA will file additional and supplemental disclosure statements as, and when, GLA becomes aware of any additional connections.

10. GLA has not undertaken and shall not undertake the representation of any other entity in this case while GLA is retained to represent the Trustee except that GLA is proposed general counsel to the Trustee who was also appointed in the related cases of Mercury Capital Advisors Group GP, LLC (Case No. 24-12326-dsj), and Mercury Capital Advisors Group, LP (Case No. 24-12327-dsj).

11. GLA has not agreed to share any compensation it may receive with another party or person, other than with the members and associates of GLA.

12. GLA agrees to charge, subject to this Court's approval in accordance with Section 330(a) of the Bankruptcy Code, GLA's standard hourly rates for work of this nature and for this type of matter, plus its customary reimbursements as charged to bankruptcy and non-bankruptcy clients. GLA's current rates for lawyers' time range from $495 to $895 an hour, and GLA's current rate for paralegals is $275. My hourly rate is currently $895. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are set at a level designed to fairly compensate GLA for the work of its attorneys and staff. It is GLA's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express and overnight mail charges, special or hand delivery charges, travel expenses, expenses for "working meals", computerized research, and transcription costs. GLA will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to GLA's other clients. GLA believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. GLA will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

13. Based upon the information available to me, and except as otherwise described herein, GLA holds no interest adverse to the Trustee, the Debtor, its estate or its creditors as to the matters in which it is to be employed. I believe GLA is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code. I know of no reason why GLA cannot act as attorneys for the Trustee.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2025

*s/ Yann Geron*
Yann Geron

## Exhibit 1

***Mercury Capital Advisors, LLC, Debtor; Case No. 24-12328-dsj***
***Conflicts Search List***

### Judge
- Honorable David S. Jones
- Lynda Calderon (Courtroom Deputy)
- Kate Christensen (Law Clerk)
- Vincent Puzak (Law Clerk)
- Oyin Falana (Law Clerk)

### Debtor
- Mercury Capital Advisors, LLC
- John Franklin, Managing Partner

### Related Debtors
- Mercury Capital Advisors Group GP, LLC
- Mercury Capital Advisors Group, LP

### Debtor's Counsel
- McGrail & Bensinger LLP

### United States Trustee
- William K. Harrington, United States Trustee
- Linda Riffkin, Assistant United States Trustee
- Annie Wells, Trial Attorney

### Creditors and Parties in Interest
- 360 Capital Partners SAS
- 468 Management GmbH
- Abide Consulting Group, LLC
- Adobe, Inc.
- AGE 4, LLC
- Alan A. Pardee
- American Express
- Andrew Osofskyb
- Association Member Benefits Advisors LLC
- Atlantic a Program of Delage Landen
- AVI Systems, Inc.
- Balbec Capital Management, L.P.
- BDO USA
- Bonnie Jin
- Borden Ladner Gervais LLP
- CIBC Bank USA
- City Park Capital
- Coller Investment Management Limited

- CSC Global
- Cynthia Ho
- Delaware Department of Finance
- Delaware Division of Revenue
- DGP Capital Management Limited Digital
- Docusign, Inc.
- eWTP Arabia Tech. Innov. Fund GP I Ltd
- Financial Industry Regulatory Authority
- Gateway V GP Ltd.
- GBT US LLC
- INCE Capital Ltd.
- InSolve Global Credit Fund VI, L.P.
- Internal Revenue Service Centralized
- Intuit Inc.
- Investcorp International Inc.
- Investcorp Strategic Capital Partners GP
- Investcorp Strategic Capital Partners II
- Jeffrey Davis
- John Marsh
- JPMorgan Chase
- JPMorgan Chase Bank, N.A.
- J.P. Morgan Securities (Asia Pacific)
- Justin Garrod
- Kelly Gardner
- Kennedy Wilson Europe
- LEFT LANE Group, LP
- LexisNexis Risk Solutions, Inc.
- LinkPoint360, LLC
- Mandel Bhandari LLP
- Marblegate Asset Management, LLC
- Matthew Cantore
- MCP Private Capital Partners V GPLP, SCS
- MetaVC Partners, LLC
- MiddleGround Management, L.P.
- Michael Graver
- MML Capital Partners LLC
- Namakor Holdings
- Nick Savasta
- NYS Department of Finance and Taxation
- Orchestra Advisors Korea Limited
- Orchestra Private Equity Singapore Pte.
- Phaidon International (US), Inc.
- PitchBook Data, Inc.
- Pomona Capital XI, L.P.

- Pomona Management LLC
- Promaxo, Inc.
- Promethean Investments, LLP
- Puttshack International Holdings, Inc.
- Quest Continuing Education Solutions LLC
- Securities and Exchange Commission
- Securities Investor Protection Corp.
- Smarsh, Inc.
- Taconic Capital Advisors L.P.
- TerraNua US Corp.
- Upper90 Partners GP III, LLC
- Vik Salh
- WestCap Management, LLC
- Winstanley Enterprises LLC
- Zoom Communications, Inc.