YANN GERON, Chapter 7 Trustee
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

*Presentment Date: February 14, 2025*
*At: 12:00 noon*

*Objection Date: February 13, 2025*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MERCURY CAPITAL ADVISORS, LLC, | : | Case No. 24-12328-dsj |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WILMER CUTLER PICKERING HALE AND DORR LLP AS SPECIAL SECURITIES COUNSEL TO THE CHAPTER 7 TRUSTEE**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the Chapter 7 trustee of the estate of Mercury Capital Advisors, LLC (the "Debtor"), the above-captioned debtor, as and for his application (the "Application"), for an order, pursuant to 11 U.S.C. §§ 327(e) and 330 and Rule 2014 of the Federal Rules of Bankruptcy Procedures, authorizing the Trustee's retention and employment of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") as special securities counsel to assist and advise the Trustee on FINRA/SEC compliance and related broker-dealer issues, respectfully sets forth and represents:

**Jurisdiction**

1.      This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Introduction

2.     On December 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") [DE 1].  The Trustee was subsequently appointed interim Chapter 7 trustee of the Debtor's estate, has since qualified as the permanent trustee and is currently serving in that capacity.

3.     The Debtor is a Delaware limited liability company which, prior to the Petition Date, conducted business in New York State from its principal place of business located at 280 Park Avenue, 36th Floor, New York, New York 10017. The Debtor is a subsidiary of related debtor, Mercury Capital Advisors Group, LP, which prior to the Petition Date described its business as (i) advising upon and raising private equity, credit, infrastructure and real estate funds from institutional investors globally, (ii) deploying expertise in raising capital for select companies, assets and portfolios of interests, and (iii) serving a secondary advisory role providing solutions to managers and owners of alternative asset portfolios seeking to leverage the secondary market to achieve their objectives.

4.     The Trustee is familiar with WilmerHale's assignments in similar matters, and with its extensive experience handling a broad range of broker-dealer regulatory and enforcement issues. The Trustee believes WilmerHale is uniquely qualified to undertake this engagement. The Trustee has concluded that engaging WilmerHale is in the best interest of the Debtor's estate and its creditors. After reviewing the terms on which WilmerHale would agree to be employed, the Trustee and WilmerHale have entered into an engagement letter, dated January 24, 2025 (the "LOE), a copy of which is annexed as Exhibit A.

**Relief Requested**

5. By this application, the Trustee seeks authority to retain WilmerHale as his special securities counsel, pursuant to Section 327(e) of the Bankruptcy Code, to, among other things, perform the following tasks:

(a) to assist and advise the Trustee regarding FINRA/SEC compliance issues;

(b) to review the client engagement agreements and advise the Trustee with respect to the placement fees and payment rights due the Debtor's estate;

(c) to the extent necessary, to prepare and review FINRA/SEC compliance documents on behalf of the Trustee and Debtor's estate;

(d) to communicate with, and send any required notices to, FINRA/SEC or other parties; and

(e) to perform such other tasks as requested by the Trustee in connection with the above.

6. WilmerHale will work closely with the Trustee and his other professionals to ensure that there is no duplication of services performed or charged to the Debtor's estate.

7. WilmerHale has indicated a willingness to act on behalf of the Trustee and to render the necessary professional services as special securities counsel to the Trustee on the terms of the LOE and as described above.

8. Subject to this Court's approval, WilmerHale will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable, and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the LOE and the annexed declaration of Bruce Newman (the "Newman Declaration"). A copy of the Newman Declaration is annexed as Exhibit B.

9. WilmerHale will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the United States Trustee. Compensation will be payable to WilmerHale in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by WilmerHale, as allowed by this Court.

10. To the best of the Trustee's knowledge, other than as disclosed in the Newman Declaration, WilmerHale did not perform any services for or on behalf of the Trustee or Debtor relating to the Debtor or its estate prior to the Petition Date, and WilmerHale is not a creditor of the Debtor's estate.

11. To the best of the Trustee's knowledge, WilmerHale and its respective attorneys have no interests adverse to, the Trustee, the Debtor or its estate, the creditors, or any other party-in-interest herein or their respective attorneys or accountants in matters relating to the Debtor or its estate, including the parties to the placement fee agreements.

12. To the best of the Trustee's knowledge, (i) WilmerHale does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained, and (ii) Wilmer Hale's employment is necessary and in the best interests of Debtor's estate.

13. Except as otherwise detailed herein, no application has been made for the relief requested herein to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that an order be entered, substantially in the form annexed as Exhibit C, authorizing him to employ and appoint WilmerHale to represent him as his special securities counsel, and that he be granted such other and further relief as is just.

Dated: New York, New York
January 30, 2025

*s/ Yann Geron*

Yann Geron, Chapter 7 Trustee of the Estate
of Mercury Capital Advisors, LLC
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com